0739

PADDOCK EQUIPMENT COMPANY, Paddock Construction Company, Inc., and Hucks Pool Company, Inc., Appellant v. UNIVERSITY OF SOUTH CAROLINA, Office of the State Engineer, Wise Construction Company, Inc., and Price Pool Company, Inc., Respondents.

(345 S. E. (2d) 749)

Court of Appeals

*A. Camden Lewis* and *Mary Geiger Foster, Lewis, Babcock, Gregory & Pleicones,* Columbia, *for appellants.*

*Joseph M. McCulloch,* Columbia, *for University of South. Carolina.*

*Henry W. Brown,* Columbia, *for Wise Const. Co., Inc.*

*Malcolm Rentz,* Columbia, *for Office of State Engineer.*

*John Chase,* Florence, *for Price Pool Co.*

Heard Feb. 27, 1986.

Decided June 23, 1986.

*Per Curiam:*

This appeal arises from an Order of the Circuit Judge who held (1) that the Plaintiffs-Appellants were not entitled to injunctive relief, (2) that the Plaintiffs-Appellants have an adequate remedy at law and (3) that the $5,000 referred to in § 11-35-4210 Code of Laws 1976 provides an adequate remedy at law and constitutes the exclusive remedy available to a competitive bidder whose low bid was wrongfully rejected. At oral argument it was stipulated by counsel for the Plaintiffs-Appellants that the injunction sought has now become a moot question and that collection of a money judgment (a proceeding at law) is an adequate remedy. The heart of the appeal is the contention of counsel that the $5,000 limitation provided is not an appropriate remedy. We agree.

Plaintiff-Appellant, Paddock Construction Company, Inc., is engaged in the building of swimming pools; Plaintiff-Appellant, Paddock Equipment Company is a maker of swimming pool equipment. Plaintiff-Appellant, Hucks Pool Company, Inc., whose low bid was disqualified, is also en-

gaged in the business of constructing swimming pools. Defendants-Respondents, University of South Carolina and State Engineer, are governmental entities. Defendants-Respondent, Wise Construction Company, Inc., is the successful bidder on a general contract awarded by the University; Defendant-Respondent, Price Pool Company, Inc., is the successful bidder which procured the subcontract Plaintiffs-Appellants claim should have been awarded to them after Hucks was disqualified.

In 1981 the General Assembly enacted the SOUTH CAROLINA CONSOLIDATED PROCUREMENT CODE. Its many purposes are set forth in its preamble. The gist is to promote increased public confidence in the procedures followed in public procurement, to insure fair and equitable treatment to all persons who deal with the procurement system of South Carolina and to foster effective broad-based competition for public procurement within the free enterprise system.

Section 11-35-4210(7) provides relief to one who alleges the Code regulations to have been violated to his detriment as follows:

> *Reimbursement for Reasonable Costs.* In the event a protestant should have been awarded the contract under a solicitation but is not, then such party may apply to the Review Panel, as provided for in Section 11-35-4410 for reimbursement of the actual costs, not to exceed five thousand dollars, incurred in connection with the solicitation including bid preparation. Upon receipt of such application the Review Panel may order the computation of a reasonable reimbursement amount and make such recommendations to the board as it deems equitable, including reimbursement of bid preparation costs, not to exceed five thousand dollars, and other relief.

In 1985 this subsection was amended so as to "... further provide for the relief which may be granted to a protestant which contends that he should have been awarded a contract under the Procurement Code." It now reads as follows:

> Reimbursement for Reasonable Costs and Authority to Grant other Relief. In the event a protestant contends

that it should have been awarded the contract under a solicitation but is not, then the party may apply to the Review Panel, as provided for in Section 11-35-4410, for relief. Upon receipt of this application the Review Panel may order the computation and award of a reasonable reimbursement amount including reimbursement of bid preparation costs, and may order such other and further relief as justice dictates including, but not limited to, a reward of the contract or a rebid of the contract. The decision of the review panel is the final administrative review and the decision of the review panel is appealable to the Circuit Court under the provisions of the South Carolina Administrative Procedures Act.

This action arising in 1984 requires a construction of the 1981 statute. The sole issue remaining in this appeal is whether the Plaintiff-Appellants are limited to a recovery of $5,000 referred to in the Act of 1981 or whether they may receive other damages obviously now permitted by the Act of 1985. We are of the opinion that it was never the intention of the Legislature to restrict the total amount of recovery to $5,000. The 1985 amendment clarifies the matter.

Whether a statutory remedy is exclusive or merely cumulated is ordinarily dependent upon the intent of the Legislature, as shown by the express terms of the statute prescribing the remedy. *Petition of State ex rel. Hutchinson*, 182 S. C. 369 S. E. 475 (1937).

In construing a statute, significance should be given to all of its verbiage. The 1981 statute speaks of "... a reasonable reimbursement amount ..." and permits the Review Panel to make recommendations "... to the board as it deems equitable, including reimbursement of bid preparation costs, not to exceed five thousand dollars, *and other relief*." (Emphasis added.)

While the argument of Defendants-Respondents has some appeal, we think that the Circuit Court Judge's Order construed the statute too narrowly. The construction we give to it is consistent with the purposes of the statute and tends to encourage bidders which is desirable. The construction which counsel for the Defendants-Respondents would give to the statute would allow governmental employees to dis-

regard a lower bid and favor a higher bid to the detriment of the taxpayers while suffering a penalty of only $5,000 regardless of the amount of the damages sustained.

We hold that the Trial Judge erred in ruling that the Plaintiff-Appellants are limited to recovery of $5,000 damages. The matter is remanded to the Circuit Court for entry of judgment accordingly. In further proceedings, the Plaintiff-Appellants may seek relief consistent with the views herein expressed.

Reversed and remanded.